|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>SAN ANTONIO DIVISION | **FILED**<br>December 17, 2025<br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY: _____NM_____<br>DEPUTY |

**SUCEL VELAZQUEZ-REYGADA,**

        **Petitioner,**

**v.**

**KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,** *et al.*,

        **Respondents.**

NO. SA-25-CV-01694-OLG

## ORDER FOR SERVICE

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (*see* Dkt. No. 1) filed by Petitioner Sucel Velazquez-Reygada, who is currently detained at the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas.

Upon review, it is **ORDERED** that the Clerk of Court shall send copies of the Petition (Dkt. No. 1) and this Order by certified mail return receipt requested to the Office of the United States Attorney at the following address:

> **Mary F. Kruger**
> **United States Attorney's Office**
> **Chief, Civil Division**
> **601 NW Loop 410, Suite 600**
> **San Antonio, TX 78216**

Delivery by certified mail return receipt requested of those documents shall constitute sufficient service of process upon the federal Respondents.

It is further **ORDERED** that the Clerk of Court shall serve Respondent Warden, Karnes County Immigration Processing Center, with copies of the Petition (Dkt. No. 1) and this Order by certified mail return receipt requested at the following address:

**Warden**
**Karnes County Residential Center**
**409 FM-1144**
**Karnes City, TX 78118**

Delivery by certified mail return receipt requested of those documents shall constitute sufficient service of process.

It is further **ORDERED** that:

1. Respondents must file a response to the Petition (Dkt. No. 1) **within 5 days** after service. *See* 28 U.S.C. § 2243. Respondents may, in lieu of a response, file a motion requesting additional time of up to 20 days to respond. *See id.*

2. Because this proceeding appears to turn entirely on whether Petitioner is a detainee subject to § 1225(b) or § 1226(a), **in preparing their response, Respondents must consider the attached order and identify any material differences that exist between the facts in this case and those presented in that case.**

3. If Petitioner elects to file a reply, she may do so **no later than 7 day**s after the Respondents' response is filed.

**SIGNED** this 17th day of December 2025.

_____
ORLANDO L. GARCIA
United States District Judge

**FILED**
December 15, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **GENESIS ARIANNY PEREZ-PUERTA,** § § § | |
| Petitioner, § | |
| v. § | NO. SA-25-CV-01476-OLG |
| **JOSHUA JOHNSON, Acting Dallas Field Office Director,** *et al.*, § § § | |
| Respondents. § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief (Dkt. No. 1) and Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 3) filed by Petitioner Genesis Arianny Perez-Puerta. Respondents have responded (Dkt. No. 7), and Petitioner has replied (Dkt. No. 10). For the following reasons, the Court will grant the Petition and order that Petitioner be given a bond hearing or released within 14 days.

### BACKGROUND

The relevant facts are undisputed. Petitioner is a citizen of Venezuela who entered the United States without inspection on January 13, 2022. (Dkt. No. 11-6 at 11; Dkt. No. 7-1 at 1.) She was apprehended, arrested, and issued a Notice to Appear (NTA) the following day. (Dkt. No. 7-1 at 1.) On January 24, 2025, Petitioner was issued a superseding NTA—which charged her as "an alien present in the United States without having been admitted or paroled" and, therefore, inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (*see* Dkt. No. 7-1 at 1)—and an Order of Release on Recognizance—which provided that she had been placed in removal proceedings [under 8

U.S.C. § 1229a] and, "in accordance with [8 U.S.C. § 1226]," was being released into the United States on her own recognizance (*see* Dkt. No. 11-6 at 7–8).

Petitioner was detained in October 2025, during a routine check-in. (Dkt. No. 1 at 3; Dkt. No. 10 ¶ 25.) Respondents acknowledge that she is "in 'full' removal proceedings before an immigration judge" and contend that the INA mandates her continued detention during this time. (Dkt. No. 7 at 14 (citing 8 U.S.C. § 1229a); *see* Dkt. No. 11-3 at 17.) Petitioner initiated this proceeding on November 10, 2025, asserting that Respondents' keeping her in custody on a mandatory basis violates the INA because she is a detainee subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing.

## DISCUSSION

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) (citation omitted). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

### I. Jurisdiction

The Court must first address Respondents' challenge to the Court's jurisdiction to adjudicate this habeas petition. They cite three jurisdiction-stripping provisions of the INA: § 1252(g), § 1252(b)(9), and § 1225(b)(4). (*See* Dkt. No. 7 at 11–12.)

Section 1252(g) applies to "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). As such, § 1252(g) only bars jurisdiction over

challenges to three distinct actions by the Attorney General: the commencement of removal proceedings, the adjudication of those proceedings, and the execution of removal orders. *See* 8 U.S.C. § 1252(g); *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."). Here, Petitioner challenges her detention incident to her removal proceedings, and § 1252(g)'s jurisdictional bar therefore does not apply. *See Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ---, 2025 WL 2691828, at *4 (W.D. Tex. 2025).

Section 1252(b)(9)—which confines "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" to review of challenges to final orders of removal—is likewise not as broad as Respondents assert. 8 U.S.C. § 1252(b)(9); *see Jennings*, 583 U.S. at 293–94 (describing the "expansive interpretation of § 1252(b)(9)" proposed by Respondents as "absurd," and inevitably "lead[ing] to staggering results"). Ultimately, § 1252(b)(9) does not apply where a petitioner is challenging her detention, as opposed to "asking for review of an order of removal," "challenging the decision to detain [her] in the first place or to seek removal," or "challenging any part of the process by which [her] removability will be determined." *Id.* at 294; *see also Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *4 n.2 (S.D. Tex. Oct. 3, 2025) (discussing *Jennings*). Because Petitioner challenges only her ongoing detention during the pendency of her removal proceedings, "§ 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S. at 295.

Section 1225(b)(4) fares no better. Respondents argue that "[e]ven if the alien claims she is not appropriately categorized as an applicant for admission subject to § 1225(b), such a challenge must be raised before an immigration judge in removal proceedings." (Dkt. No. 7 at 11);

3

*see Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025) (quoting identical language from respondents' brief in that case). "[Section] 1225(b)(4) [does] not speak to the distinction between detention and deportability that this Court has explained is essential to the jurisdictional analysis." *Rojas*, 2025 WL 3038262, at *2. Instead, it "addresses an immigration officer's challenge to another officer's favorable determination that a noncitizen is admissible." *Id.* Thus, it is inapplicable where, as here, the petitioner is an "applicant for admission"—*i.e.*, one "who has not received a favorable determination of his admissibility." *Id.*

Accordingly, these provisions do not strip the Court of jurisdiction.

Because the preliminary injunctive relief sought by Petitioner is the same as the ultimate relief he seeks on the merits of this habeas proceeding, the Court proceeds directly to the merits of the habeas petition. *See Covarrubias*, 2025 WL 2950097, at *5 (granting petition for writ of habeas corpus and denying motion for identical preliminary relief as moot); *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (same).

## II.  Merits

Petitioner asserts statutory and constitutional bases for relief. (Dkt. No. 1 at 4.) Because the Court agrees with Petitioner's statutory grounds for relief—that she is a detainee subject to § 1226(a)—it need not address her due process claim.

Petitioner argues that Respondents have incorrectly characterized her as being subject to § 1225(b)(2)(A)'s mandatory detention provision instead of § 1226(a)'s discretionary detention provision, which would entitle her to a bond hearing before an immigration judge. (Dkt. No. 1 at 4; Dkt. No. 10 ¶ 41.) In response, Respondents contend that Petitioner's mandatory detention is not premised on § 1225(b)(2)(A) but, instead, on § 1225(b)(1). (Dkt. No. 7 at 3.) Like § 1225(b)(2), § 1225(b)(1) prescribes mandatory detention; however, because it also requires

expedited removal proceedings, the Court is not persuaded by Respondents' attempt to rely on (b)(1) here.

Section 1225(b)(1) requires an immigration officer to order expedited removal, "without further hearing or review," of arriving aliens and certain other aliens whom the officer determines are inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7), unless the alien indicates either "an intention to apply for asylum" or "a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). In those cases, the alien "shall be detained," either for further consideration of the application for asylum, 8 U.S.C. § 1225(b)(1)(B)(ii), or pending a final determination of credible fear of persecution, 8 U.S.C. § 1225(b)(i)(B)(iii)(IV). *See Jennings*, 583 U.S. at 297. Respondents argue that Petitioner is properly mandatorily detained under § 1225(b)(1)(A)(iii)(II) (*see* Dkt. No. 7 at 4) as an alien "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that [she] has been physically present in the United States continuously for the [two]-year period immediately prior to the date of the determination of inadmissibility." 8 U.S.C. § 1225(b)(1)(A)(iii)(II). The Attorney General has the "sole and unreviewable discretion" to designate "certain other aliens" as subject to the screening provisions of § 1225(b)(1)(A) and is permitted to modify the designation "at any time." 8 U.S.C. § 1225(b)(1)(A)(iii)(I). Those screening provisions, however, permit only three outcomes: expedited removal "without further hearing or review," asylum proceedings, or credible-fear proceedings. *See Jennings*, 583 U.S. at 287 (quoting 8 U.S.C. §§ 1225(b)(1)(A)(i) and (ii)).

Respondents' attempt to use § 1225(b)(1)(A)(iii)(II) as a basis for properly detaining Petitioner on a mandatory basis is therefore belied by the fact that she is in full removal proceedings. (*See* Dkt. No. 7 at 4, 14.) Although the Attorney General has discretion to designate "certain other aliens" for application of the *expedited* removal process, 8 U.S.C.

5

§ 1225(b)(1)(A)(iii)(I), nothing in the statute affords her the discretion to subject an alien to (b)(1)'s mandatory detention requirement who is entitled to, and, in fact, receiving, full removal proceedings under § 1229a. Based on the statute, Petitioner cannot both be detained pursuant to § 1225(b)(1)(A)(iii)(II) and in full removal proceedings under § 1229a.

Because Petitioner is in full removal proceedings, her detention can only be authorized under § 1225(b)(2)(A) or § 1226(a). *See* 8 U.S.C. § 1225(b)(2)(A) ("[A]n applicant for admission . . . seeking admission . . . shall be detained for a proceeding under [§] 1229a."); 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States [under § 1229a]"); 8 U.S.C. § 1229a(a) ("An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien."). As this Court has already determined, because Petitioner is an applicant for admission who was not actively "seeking admission" when she was arrested and detained, she "is a detainee subject to § 1226(a)," not § 1225(b)(2)(A). *Mendoza Euceda v. Noem*, No. SA:25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025) (collecting cases); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025).

### III. Relief

Petitioner asks the Court to order her immediate release under appropriate conditions or that she be given a bond hearing within 48 hours. (Dkt. No. 1 at 5.) Courts, including this one, "have found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *Buenrostro-Mendez*, 2025 WL 2886346, at *4 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citation modified)); *see Mendoza Euceda*, No. SA:25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17,

6

2025); *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025). The Court will therefore order Respondents to provide Petitioner with a bond hearing under § 1226(a) within 14 days or release her.

## CONCLUSION

Petitioner Genesis Arianny Perez-Puerta's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) by **December 29, 2025**, or release her. The parties must file an advisory as to the status of Petitioner's bond hearing, if any, no later than **January 5, 2026**.

All other pending motions are **DISMISSED AS MOOT**.

It is so **ORDERED**.

This case is **CLOSED**.

**SIGNED** this ___15___ day of December 2025.

_____
ORLANDO L. GARCIA
United States District Judge