**FILED**
January 08, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SUCEL VELAZQUEZ-REYGADA,** § § | |
| **Petitioner,** § § | |
| v. § § | **NO. SA-25-CV-1694-OLG** |
| **KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,** *et al.***,** § § § § | |
| **Respondents.** § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Sucel Velazquez-Reygada's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 5).

Based on the pleadings, the relevant facts in this case are essentially undisputed: Petitioner is a citizen of Cuba who entered the United States without inspection on July 26, 2022. (*See* Dkt. No. 1 ¶ 16; Dkt. No. 5-1 at 1; Dkt. No. 5-2 at 3.) She was apprehended, arrested, and issued a Notice to Appear (NTA)—which charged her as "an alien *present* in the United States without having been admitted or paroled" and, therefore, inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (Dkt. No. 5-1 at 1 (emphasis added))—and an Order of Release on Recognizance—which provided that she had been placed in removal proceedings [under 8 U.S.C. § 1229a] and, "in accordance with [8 U.S.C. § 1226]," was being released into the United States on her own recognizance (Dkt. No. 1-3 at 4).

Petitioner was detained in October 2025, during a routine check-in. (Dkt. No. 1 ¶ 19.) Respondents acknowledge that she is "in . . . [full] removal proceedings before an immigration judge" (*see* Dkt. No. 5 at 2 (citing 8 U.S.C. § 1229a)) and contend that the INA mandates her

continued detention during this time (*see* Dkt. No. 5 at 1). Petitioner initiated this proceeding on December 9, 2025, asserting that Respondents' keeping her in custody on a mandatory basis violates the INA because she is a detainee subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing.

As the Court recently determined in *Perez-Puerta v. Johnson*, because Petitioner is in full removal proceedings, her detention can only be authorized under § 1225(b)(2)(A) or § 1226(a),[1] and, because Petitioner is an applicant for admission who was not actively "seeking admission" when she was arrested and detained, she "is a detainee subject to § 1226(a)," not § 1225(b)(2)(A). No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025); *see Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Nov. 17, 2025) (collecting cases); *Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 4, 2025).

Having already resolved this issue against them,[2] the Court ordered Respondents to consider its prior order and identify in their response any material differences between the facts of this case and the facts presented in that case. (Dkt. No. 3.) They failed to do so. Their response, however, raises the same arguments previously asserted by Respondents and rejected by the Court. (*Compare* Dkt. No. 5; *with Perez-Puerta*, No. SA-25-CV-1476-OLG, Dkt. No. 7.)[3] Accordingly,

---

[1]*See* 8 U.S.C. §§ 1225(b)(2)(A) ("[A]n applicant for admission . . . seeking admission . . . shall be detained for a proceeding under [§] 1229a."); 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States [under § 1229a]"); 1229a(a) ("An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien.").

[2]*See Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Order Granting Petition for Writ of Habeas Corpus (W.D. Tex. Dec. 15, 2025).

[3]Indeed, Respondents cite the same jurisdiction-stripping provisions of the INA—i.e., 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(4) (*see* Dkt. No. 5 at 7–8)—that the Court has already addressed and found to be inapplicable in cases like this one, *see Perez-Puerta*, No. SA-25-CV-1476-OLG, Order Granting

the Court finds no material differences between this case and *Perez-Puerta* and will therefore order that Petitioner be given a bond hearing or released within 14 days.

Petitioner Sucel Velazquez-Reygada's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must provide Petitioner with a bond hearing pursuant to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this ____8____ day of January 2026.

ORLANDO L. GARCIA
United States District Judge

---

Petition for Writ of Habeas Corpus; *Rahimi*, No. SA-25-CV-1338-OLG, Order Granting in Part Petition for Writ of Habeas Corpus; *Mendoza Euceda*, No. SA-25-CV-1234-OLG, Order Granting in Part Petition for Writ of Habeas Corpus.